IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 22 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

ERIC T. DePAOLA
Plaintiff,

CIVIL ACTION NO: 715CV00403

V.

(CIVIL RIGHTS ACT/ 42 U.S.C. §1983)

HAROLD CLARKE, sued in his individual & official capacities
DAVID ROBINSON, sued in his individual & official capacities
G.K. WASHINGTON, sued in his individual & official capacities
FRED SCHILLING, sued in his individual & official capacities
E.R. BARKSDALE, sued in his individual & official capacities
V. PHIPPS, sued in her individual & official capacities
Dr. McDUFFIE, sued in his individual & official capacities
Dr. SMITH, sued in his individual & official capacities
Dr. MULLINS, sued in his individual & official capacities
L. STUMP, sued in her individual capacity
L. MULLINS, sued in her individual capacity
T. COX, sued in her individual capacity
S. FLETCHER, sued in her individual capacity
HUFF, sued in his individual capacity
TRENT, sued in his individual capacity
(Defendants.)

1.

## A. JURISDICTION

1. Jurisdiction is proper in this ct. pursuant to 42 U.S.C. §1983, 28 U.S.C. §§ 1331 & 1343 (a)(3). Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §2283-2284 & Rule 65 of the F.R.C.P. All named Defendants have & continue to act under color of State law at all times relevant to this complaint.

## B. PARTIES

2. NAME OF PLAINTIFF ERIC J. DePAOLA #1145137. Is a Virginia state Prisoner. Present address is Red Onion State Prison, P.O. Box 1900, Pound, Va., 24219.

3. NAME OF FIRST DEFENDANT, HAROLD CLARKE, Is the Current Director of the Virginia Department of Corrections (VDOC)

4. NAME OF SECOND DEFENDANT DAVID ROBINSON. Is the Current Chief of Operations within the VDOC.

5. NAME OF THIRD DEFENDANT, G. K. WASHINGTON, Is the Current Regional Director for the Western Region of Va. Within the VDOC.

6. NAME OF FOURTH DEFENDANT FRED SCHILLING, Is the Current Health Services Director within the VDOC.

7. NAME OF FIFTH DEFENDANT. E. R. BARKSDALE, Is the Current Warden of Red Onion State Prison (ROSP).

8. NAME OF SIXTH DEFENDANT. V. PHIPPS, Is the Current BMCB at ROSP.

9. NAME OF SEVENTH DEFENDANT. Dr. McDUFFIE, Is the Current Psychiatrist at ROSP.

2.

10. NAME OF EIGHTH DEFENDANT. Dr. SMITH, Is a Doctor (M.D.) at ROSP.

11. NAME OF NINTH DEFENDANT. Dr. MULLINS, Is a Doctor (M.D.) at ROSP.

12. NAME OF TENTH DEFENDANT. L. SLUMP, Is a Nurse (LPN) at ROSP.

13. NAME OF ELEVENTH DEFENDANT. L. MULLINS, Is a Nurse (LPN) at ROSP.

14. NAME OF TWELFTH DEFENDANT. T. COX, Is a Nurse (LPN) at ROSP.

15. NAME OF THIRTEENTH DEFENDANT. S. FLETCHER, Is a Qualified Mental Health Professional (QMHP), M.Ed at ROSP.

16. NAME OF FOURTEENTH DEFENDANT. HUFF, Is a QMHP at ROSP.

17. NAME OF FIFTEENTH DEFENDANT. TRENT, Is a QMHP at ROSP.

C. NATURE OF CAUSE

18. Plaintiff, Eric J. DePaula is a State Prisoner bringing this §1983 Civil Rights Action against the Defendants. Seeking Money damages against them in their individual capacities & injunctive & declaratory relief against them in their official capacities.

19. Plaintiff allege that due to VDOC policy (i.e. O.P. 720.1), as well as the deliberate acts of the Defendants. His 8th Amend. and 14th Amend. U.S. Const. rights have been violated.

20. Plaintiff also allege that VDOC policy, O.P. 720.1 as

3.

applied to the Plaintiff & on its face Violates Plaintiffs 8th Amend. & 14th Amend. U.S. Const. rights.

21. Plaintiff is bringing two seperate Counts. One in re. to his ongoing medical issue's. One in re. to his ongoing mental Health issue's.

D. CAUSE OF ACTION

22. COUNT 1: The Defendants have Violated Plaintiffs 8th Amend. & 14th Amend. U.S. Constitutional rights Via application of VDOC policy O.P. 720.1 as well as their deliberate acts. In re. to denying to treat and/or failing to adequately treat and/or delaying the treatment of the Plaintiffs medical issue's.

23. In event that Defendants did'nt directly Violate Plaintiffs U.S. Const. rights. Pl. asserts Defendants actions and/or lack thereof amounted to deliberate indifference which contributed to said Violations.

24. VDOC policy O.P. 720.1 dictates that prisoners only be allowed to be treated for and/or to address a limit of three (3) med. issue's per Dr. Visit.

25. VDOC policy O.P. 720.1 dictates that prisoners cannot be treated for skin rashes unless said skin rashes are burning and/or itching.

26. VDOC policy O.P. 720.1 dictates that a prisoner must first be observed by a Nurse Via a process called Sick Call. At which time it is the Nurses choice as to whether or not a prisoner be treated and/or placed on the Doctor's list to be seen by a Dr.

4.

27. During the course of over five (5) yrs. I have been asserting problems with being afflicted by symptoms of Irritable Bowel Syndrome (IBS). (ie Abdominal pain & discomfort, bloating & gas, constipation & mucus in stool) as well as cramps, irregularity and the inability to fully evacuate bowels in a single setting.

28. I have further asserted that, the consumption of certain foods (ie dairy & white bread products) further exasperates said symptoms. This is the case regardless of whether meds. are prescribed.

29. I have repeatedly notified the Defendants L. Stump, L. Mullins, T. Cox, Dr. Mullins, Dr. Smith, V. Phipps, F. Schilling, & E.R. Barksdale that, thus far, all treatment rendered has been ineffective.

30. On Oct. 17, 2014 I was seen (for sick call) by the Def. T. Cox in re. to the above stated issues as well as a rash on my penis. Def. Cox came to my cell door asked me what my problem was and after I told her about the above stated issues she stated "stay away from foods that bother you & that we don't treat skin rashes that don't burn or itch" Def. Cox then walked away (after performing required vital sign assessment).

31. I then filed a complaint in re. to the incident involving Def. Cox not providing any treatment.

32. While the above stated compl. was pending I also filed an emergency grievance on Nov. 28, 2014 setting out the above stated med. issues and the need for treatment. (Was again placed on sick call list as a result)

5.

33. On Dec. 1, 2014 Def. L. Mullins came to my door (in re. to sick call) asked me what my problem was, I told her of above stated issue's. Def. L. Mullins then asked me if I would drop my complaint against Nurse (Def.) Cox. I said "NO". Def. L. Mullins then stated to me that "I needed to stop crying, the State don't care about these issue's. I again asked Def. L. Mullins if she was going to place me on the Doctor's list. Def. L. Mullins said no and walked off.

34. At no time did Def. L. Mullins assess my vital signs or provide any treatment/assessment.

35. I later learned that she (Def. L. Mullins) stated that I refused sick call.

36. On both occassions involving Def. T. Cox & Def. L. Mullins I filed complaints. Said complaints were impeeded and to no avail.

37. Again on Dec. 14, 2014 I filed a request to be treated in re. to the above issue's was assessed by a Nurse and refered to the Doctors list to be seen as a result.

38. On Dec. 23, 2014 I was seen by Def. Dr. Mullins in re. to the above issue's. I told Def. Dr. Mullins that the meds. prescribed before don't help and are useless especially when I consume dairy & white bread products. I further told him that my rash was persistant.

39. Def. Dr. Mullins then proceeded to prescribe the same meds. that I told him don't work & advised me to stay away from foods I can't eat. That they

6

told him that there is nothing he could do about my diet. I told him (Def. Oremullins) that I've already lost a lot of weight do to not eating bothersome foods. Def. Dr. Mullins then stated, There is nothing we can do, you're in prison. Def. Dr. Mullins also ordered lab work be taken. *FN.1

40. Def. Dr Mullins ignored my complaints in re. to my rash. When I brought this to Def. Dr. Mullins attention he (Dr. mullins) stated we don't treat rashes that don't burn or itch. I then stated, "it does", but was ignored and escorted out of the office by guards.

41. I again filed a complaint of which was responded to by Def. V. Phipps stating that, "I was seen for three things yes, cramps and mucus in stools. (3) things per policy is all I could be seen for. That I needed to put back in for sick call & that Def. Dr. Mullins was correct about the statement in re. to my diet & rash.

42. The above (¶ 41) statement was reaffirmed by the Def. E.R. Barksdale & F. Schilling. O.P. 720.1 policy was asserted as authority.

43. I again filed a request to be assessed in re to the same issues. was placed on sick call list as result, on Jan. 22, 2015.

44. On Jan. 28, 2015 Def. L. Stump outright refused to assess me for sick call & didn't provide any treatment.

45. Def. L. Stump then attempted to force me to sign a refusal form of which I refused to sign and stated on it, that I didn't refuse but was being refused. *FN.2

7.

46. As a result of lab work being ordered when I was seen by Def. Dr. Mullins in Dec. I was seen by Dr. Smith (Def. Dr. Smith) on Feb. 3, 2015 to go over said lab results.

47. Def. Dr. Smith sat in the middle of the pod at the pod table in plain view of prisoners whom could hear our entire conversation. During this review he asked me what are we here for? I told him that my lab work should be back he then looked at the lab results and said you're clear & going to live for a long time. *FN.3

48. On April 9 2015 I again filed another emergency grievance in re. to my abdominal/bowel issues. I was told to put another sick call request in.

49. The same day (April 9 2015) after being told to put in another sick call request, I wrote/sent in another sick call request.

50. After a week passes by I've still not been seen for sick call, so I again file another emergency grievance at which time I'm placed on the sick call list. Seen for sick call a few days later & placed on Doctors list.

51. On April 28, 2015 I'm seen by Def. Dr. Smith. I tell him of the ongoing bowel issues and loss of weight. Def. Dr. Smith then orders more lab work (i.e. RAST test) *FN.4 and states, "there is nothing else they will let me do."

52. The meds that were prescribed to me in Dec. were canceled in March. Since then, I have received no treatment (except for the lab work) in re. to my ongoing abdominal/bowel issues.

8.

*FN.1) The lab work ordered by Def. Dr. Mullins was alleged to be for the purpose of checking to see if I had Inflammatory Bowel Disease.

*FN.2) Def. L Stump (prior to this) had rescheduled me at another time for the same issues back in Dec. after stating to me that She didn't want to assess me.

*FN.3) By this time my Skin rash had Subsided, However, had left Substantial Scaring on my penis.

53. COUNT 2: The Defendants have Violated Plaintiff's 8th Amend. & 14th Amend. U.S. Constitutional rights, IN re. to denying to treat &/or diagnose Plaintiff's mental health issues.

54. In event Defendants didn't directly violate Pl. U.S. Const. rights, Pl. asserts Defendants actions/lack thereof amounted to deliberate indifference which contributed to said violations.

55. Plaintiff's Mental Health issues date back when Pl. was six (6) yrs. old. Since then Pl. has been diagnosed with several mental illnesses and has received psychiatric therapy both on an inpatient and an outpatient basis, since said age all the way up until his imprisonment at the age of sixteen (16) yrs of age.

56. Plaintiff has been prescribed psychotropic medications (a wide varitity) for everything from depression & ADHD to Hallucinations & psychomotor agitation since the age of Six (6) yrs. old until around the time Plaintiff was initially incarserated.

57. Plaintiff's mental health history/issue's are well documented in his Pre sentencing Report, as well as his ct. ordered Psych. Eval. for mental status at time of offense/competency to stand trial. Performed in 2003 during Ct. proceedings for initial crimes which lead to Pl. being imprisoned.

58. In said Psych. Eval. it was found that Pl. scores are consistent with individuals who endorse extreme and rare combinations of mental symptoms/exhibits several symptoms of a major mental illness. Although said Psych. Eval. was not for the purposes of specifically diagnosing Pl., it was found that Pl. likely suffered from Bipolar Disorder and it was recommended that Pl. receive ongoing mental health treatment.

59. Pl. entered VDOC in 2004, Pl. was seventeen (17) yrs. old. Pl. notified proper prison officials of his mental health history/issue's during the intake & reception process & was assigned a mental health code 2. However, Pl. received no treatment.

60. Since entering the VDOC Pl. has never received any Psychotherapy or treatment for his mental illnesses nor has he even ever been able to speak to an institutional Psychiatrist or Psychologist in re to such.

61. Pl. has been held at RoSP since 2007, confined in 23 - sometimes 24 hrs aday (approx.) locked in a cell.

62. On May, 26 2010 Pl. became Suicidal and it was ordered (by the then mental health officials) that Pl. be placed in five point (strap down) restraints for approx. 24 hrs. as a result.

10.

63. A short while thereafter, Pl. again became suicidal & began to starve himself, missing over 50 meals, (approx. 16 days straight without eating). Pl. was placed on strip cell precautions as a result. Pl. only started eating again after he was told that he would be able to speak to the Prison Psychiatrist. However, Pl. never had the opportunity to see said psychiatrist afterwards.

64. In Sept. 2009, in a fit of rage & impulsivity, Pl. got into a physical altercation with a Prison guard. Pl. was placed in in-cell restraints for (approx.) 3 days as a result.

65. Pl. at times paces the floor of his cell to the point of complete exhaustion and physical pain (feet & back) as a result of being in a constant state of extreme agitation & hyperactivity. On the opposite side of the coin, Pl. at times can become completely overwhelmed with depression/hopelessness & just lays &/or sits in bed for hrs. even days at a time. Pl. also becomes sleepless. Both moods seem to Pl. like a strong trance like stuck feeling.

66. Pl. experiences extremely bizarre thoughts constantly throughout the day & night which causes the loss of sleep as well.

67. Pl. has repeatedly attempted to obtain help from the Defendants E. R. Barksdale, F. Schilling, S. Fletcher, Dr. McDuffie, Huff & Trent verbally &/or written, to no avail.

68. During Plaintiffs imprisonment at ROSP it has recently come to Plaintiffs attention that his mental health code has been lowered to a 0 from a 1 for no known reason of the Plaintiffs.

11.

E. CLAIM FOR RELIEF

69. The actions/inactions and/or policies of the Defendants Clarke, Robinson, Washington, Schilling, Baskesdale, Phipps, Dr. McDuffie, Dr. Smith, Dr. Mullins, L. Stump, L. Mullins, T. Cox, S. Fletcher, Huff & Trent have (and continue to) violated the Plaintiff's 8th Amend. U.S. Constitutional rights when they either denied, delayed, &/or hindered treatment of Plaintiff and/or failed to adequately treat Plaintiff and/or failed to properly train for the proper treatment of Plaintiff's medical and/or mental health related issues as described herein (SD).

70. The actions/inactions and/or policies of the above named Defendants (See supra ¶ 69.) have (and continue to) violated the Plaintiff's 14th Amend. U.S. Constitutional rights when they did (same as described supra see ¶ 69.) in re. to Plaintiff's medical &/or mental health related issues as described herein (SD).

71. The actions/inactions and/or policies of the above named Defendants (See supra ¶ 69.) have (if not found to be a direct cause) constituted Deliberate Indifference contributing to said violations (See supra ¶ 69-70) when they did (same as described supra see ¶ 69-70) in re. to Plaintiff's medical &/or mental health issues as described herein (SD).

F. INJURIES

72. As pertains to Count 1 herein the Plaintiff has suffered and continues to suffer the following stated injuries:
A. Weight loss (approx. 20 pounds) &/or the inability to keep a steady weight. (Due to not being able to eat certain foods).

12.

B. Loss of sleep (due to complications of symptoms keeping Plaintiff awake &/or waking him up, etc.)
C. Extreme abdominal pain &/or discomfort, cramps, etc.
D. Extreme burning sensation on penis (Past suffering)
E. Extreme scaring of penis (Present/future suffering)
F. Psychological pain & suffering / mental anguish

73. As pertains to Count 2 herein the Plaintiff has suffered the following stated injuries:
A. Callused feet to the point of painful walking & causing holes in sox due to constant pacing in cell floor.
B. Cramps in feet due to same as A.
C. Headaches (due to constant stress, agitation, depression, hyperactivity, etc.)
D. Loss of sleep.
E. Loss of weight due to starving of self in past (see ¶ 63)
F. Sharp pains (throughout body) due to constant tension in muscles due to fits of agitation, stress, depression, etc.
G. Further deterioration of mental health due to lack of treatment.
H. Psychological pain & suffering / mental anguish.

## 6. REQUEST FOR RELIEF

74. WHEREFORE, Plaintiff herein request this ct. enter judgment Granting Plaintiff the following:
A. Declaratory Judgment (Both Counts) stating that the above named Defendants violated Plaintiff stated rights & that they will work with Plaintiff & each other to remedy

13

the situation & so that med. services & mental health services will be better for all in the future.

B. <u>Injunctive Relief (permanent)</u>: As relates to count 1: That the defendants will immediately provide for Plaintiff a high fiber, non-dairy & non-refined wheat diet with a fiber supplement (e.g. metamucil). To properly treat his symptoms. That all medical issues be reviewed by the Dr. for consideration of face to face visit/assessment (not the Nurses) in the future. That all future med. claims be treated properly and adequately. Abolish the 3 med. issue per Dr. visit rule/policy.

   As relates to Count 2: That Plaintiff be transferred off of ROSP. That Plaintiff be immediately released from Administrative Segregation & not placed into any other form of long-term seg. style program/confinement within the DOC. That Plaintiff be psychologically assessed by an independent psychologist/psychiatrist in re. to the diagnosement of newly incurred &/or overlooked/pre-existing mental illnesses. That Plaintiff receive proper mental health treatment for any & all mental illnesses which he suffers from. That ROSP provide complete psychological Evaluations for all Admin. Seg. Prisoners yearly (done by independent mental health professionals). That complete psychological Evaluations be given to any & all Prisoners before they are placed into Admin. Seg. & that any Prisoners suffering from a Major mental illness not be subjected to long term Admin. Seg. conditions/confinement. That any & all future requests to speak to &/or be seen by the VDOC Psychologist/Psychiatrist be granted freely.

14.

that all QMHP's employed at ROSP &/or any Seg. units within the VDOC have at least a college degree in the field of psycology/psychiatry.

C. Nominal Damages: (In re. to both counts) in the amount of $1,000.00 against the Defendant for the Plaintiff's U.S. Const. rights being violated.

D. Compensatory Damages: Against ea. named Defendant, jointly & severally, in the amount of $25,000.00 for the mental & physical injuries (past, present & future) sustained as a result of Defendants violations of Plaintiff's U.S. Const. rights.

E. Punitive Damages: Against ea. named Defendant, jointly & severally; in the amount of $10,000.00 for the blantant, willfull actions taken against Plantiff. To curb any future violations Defendants may wish to act upon & to set an example.

F. Plantiff also requests this ct. order Defendants to pay for costs/fees of Ct. & legal expenses as well as provide what ever other relief this Ct. may find necessary &/or fair.

Respectfully Submitted,
Date: 7-17-15
Eric Delpaola
ERIC J. Delpaola #1145132
Red onion State Prison
P.O. Box 1900
Pound, Va. 24279

15

## Declaration Under Penalty of Perjury

I hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that information contained in this action is true & correct, except as to that which is based upon belief & as to that I believe said information to be true & correct as well. Executed at: Wise County, Va. on the date of 7-17-15.

*Eric DePaola* /s/ *Eric DePaola*

## Certificate of Service

I hereby certify that I mailed this foregoing §1983 Civ. R. Action to the U.S.D.C. 210 Franklin Rd. S.W. Ste. 540 Roanoke, Va. on the date of 7-19-15, via the U.S.P.S.

*Eric DePaola*

16.