# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC J. DePAOLA,** | )<br>) |
| Plaintiff, | ) Case No. 7:15CV00403<br>) |
| v. | ) **OPINION**<br>) |
| **HAROLD CLARKE, ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*Eric J. DePaola, Pro Se Plaintiff.*

This case is presently before me on plaintiff Eric DePaola's "Motion for a Preliminary Injunction," regarding his diet and his mental health problems. After review of DePaola's allegations, I will deny his motion.

DePaola filed this civil action under 42 U.S.C. § 1983 against numerous officials of the Virginia Department of Corrections and Red Onion State Prison, complaining that since his incarceration in 2004, defendants' policies and actions have deprived him of proper diagnosis and treatment of his self-diagnosed irritable bowel syndrome ("IBS") and unspecified mental health problems.[1] DePaola's present motion demands an injunction directing officials to (a) "immediately provide for [DePaola] a fiber supplement" and a diet free of wheat and dairy

---

[1] By separate order, the court will direct the clerk to attempt service of process on the defendants.

products and (b) "immediately release [DePaola] from segregation or any like confinement . . . to provide a comprehensive psychological evaluation administered by an independent . . . psychiatrist" to identify and provide appropriate mental health treatment for him.  In the declaration in support of the motion, DePaola states that without substitutes for the food items that trigger his IBS symptoms, he will continue to lose weight (he says he has lost 20 pounds during an unspecified period), to lose sleep, and possibly, to suffer other medical complications, such as hemorrhoids.  He states that without release from Red Onion's solitary confinement conditions and independent, expert evaluation and treatment, his life-long, unspecified mental health problems will be exacerbated.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied.[2]  *Id.*

---

[2] The plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond.  *See* Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  As it is clear from the outset that the plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

-2-

I do not doubt DePaola's allegations that he has suffered discomfort for some time related to his abdominal and mental health issues. I cannot find, however, that he is *likely* to suffer irreparable harm from these conditions during the course of this litigation without the requested preliminary injunctive relief directing particular accommodations of these issues. As DePaola thus fails to make the four required showings under *Winter,* I must deny his motion for interlocutory injunctive relief.

A separate order will be entered in accordance with this opinion.

DATED: September 3, 2015

/s/ James P. Jones
United States District Judge

-3-

Case 7:15-cv-00403-JPJ-RSB   Document 10   Filed 09/03/15   Page 3 of 3   Pageid#: 98