# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ERIC J. DePAOLA, | |
| Plaintiff, | Case No. 7:15CV00403 |
| v. | **OPINION AND ORDER** |
| HAROLD CLARKE, ET AL., | By: James P. Jones |
| | United States District Judge |
| Defendants. | |

*Charles C. Moore and Alyson M. Cox, White & Case LLP, Washington, D.C., for Plaintiff; John T. Jessee and Sarah C. Jessee, LeClairRyan, PLLC, Roanoke, Virginia, for Defendant Dr. Everett McDuffie; Margaret Hoehl O'Shea, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants Fred Schilling, E. R. Barksdale, S. Fletcher, Huff, Trent, Denise Malone, Jessica Ketron, Kevin Mullins, Jeffrey Kiser, Randall Mathena, Tracy Ray, and Dr. Syed Zafar Ahsan.*

In this civil case brought by an Virginia inmate pursuant to 42 U.S.C. § 1983 against several mental health professionals and prison administrators, the magistrate judge issued a Report and Recommendation in which she recommended granting summary judgment in favor of two contract psychiatrists. The plaintiff has timely objected to the Report and Recommendation. For the reasons that follow, I will overrule the plaintiff's objections, adopt the Report and Recommendation, and enter judgment in favor of defendants Drs. McDuffie and Ahsan.

I.

Plaintiff Eric DePaola's claims against Drs. Everett McDuffie and Syed Zafar Ahsan allege that they were deliberately indifferent to his serious mental health needs in violation of the Eighth Amendment. DePaola has offered evidence that he has a long history of mental illness and mental health treatment. He asserts that he repeatedly requested mental health treatment while an inmate at Red Onion State Prison ("Red Onion"), but Drs. McDuffie and Ahsan did not evaluate him and failed to provide him any treatment.

The magistrate judge's Report and Recommendation ("Report") aptly summarizes the full procedural history and factual record relating to Drs. McDuffie and Ahsan, and in the interest of expediency, I will not repeat them here. Briefly, I previously granted the defendants' Motion to Dismiss DePaola's original pro se Complaint, and DePaola appealed. The Fourth Circuit remanded DePaola's mental health-related claims back to this court, and he later amended his complaint twice to add additional parties and to clarify his claims. The parties engaged in preliminary discovery, and Dr. McDuffie moved for summary judgment early in the discovery period. Dr. Ahsan moved to dismiss but supported his motion with evidence outside the pleadings, so the magistrate judge converted the Motion to Dismiss into a Motion for Summary Judgment. After hearing oral argument, she gave the parties approximately one month to conduct further discovery and submit

additional evidence on the motions filed by Drs. McDuffie and Ahsan. Both the plaintiff and Dr. McDuffie did so, but the magistrate judge excluded some of the evidence submitted by the plaintiff because it was untimely submitted without leave of court and had been previously available to the plaintiff.

In her Report, the magistrate judge found that DePaola had presented enough evidence of a serious medical need to create a genuine issue of fact as to the objective prong of the deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, she found that he had failed to produce sufficient evidence to create a jury issue on the subjective prong of the deliberate indifference inquiry. She noted that there was no evidence that Dr. McDuffie or Dr. Ahsan knew about DePaola's mental health history, 2010 suicide threats, or 2010 attempt to starve himself. DePaola admits that he was never evaluated or treated by Dr. McDuffie or Dr. Ahsan. VDOC policy provides that qualified mental health professionals ("QMHPs") evaluate offenders and refer them to psychiatrists. The psychiatrists, who are contracted providers, are not expected to see inmates who have not been referred. They do not evaluate offenders based on the offenders' demands. Here, the QMHPs determined that a referral was unwarranted. The magistrate judge found that although this evidence might bear upon whether the QMHPs were deliberately indifferent, it is not evidence of the state of mind of Dr. McDuffie or Dr. Ahsan. Moreover, Dr.

McDuffie was not even working at Red Onion in 2010, when DePaola claimed to be suicidal and went on a hunger strike, which supports McDuffie's testimony that he was unaware of these incidents.

The magistrate judge also found that DePaola's testimony that he repeatedly called out to Dr. McDuffie and Dr. McDuffie refused to meet with him was insufficient to establish deliberate indifference. Even if Dr. McDuffie responded "nope" or "I don't make rounds," as DePaola asserts, Pl.'s Opp'n to Dr. McDuffie's Mot. for Summ. J. Moore Decl. Ex. 1, ECF No. 96-3 at 4, these statements would only show that Dr. McDuffie knew DePaola wanted attention, not that he knew DePaola had an objectively serious mental health need and consciously disregarded that need. The magistrate judge reasoned that as a practical matter, if prison mental health staff were expected to respond to every inmate who called out to them, they would be continually sued and would be unavailable to treat serious medical issues.

II.

The plaintiff filed timely objections to the Report, which are now before me for de novo determination. A party may respond to objections to a magistrate judge's recommended disposition within 14 days. Fed. R. Civ. P. 72(b)(2). Dr. McDuffie has responded to DePaola's objections, but Dr. Ahsan has not. Where, as here, objection has been made to a magistrate judge's report and

recommendation on a dispositive matter, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The plaintiff argues that the magistrate judge improperly excluded certain evidence that he filed beyond the deadline she set for submitting supplemental evidence in opposition to these defendants' motions. I find that the magistrate judge did not err in striking the late-submitted evidence. Nevertheless, as part of my de novo review, I will consider that evidence now.

The evidence stricken by the magistrate judge can be summarized as follows. A report prepared by Deborah White, Ph.D., dated August 15, 2003, indicated that DePaola had a major mental illness involving depression, impulsivity, irrational thinking, and poor judgment. Dr. White opined that he may have been in the beginning stages of bipolar disorder. The report shows that when he first entered into the Virginia Department of Corrections ("VDOC") system, DePaola had a history of mental health treatment, and Dr. White wrote that he required ongoing treatment. This report is irrelevant to the plaintiff's objections because the magistrate judge found that DePaola has an objectively serious mental health need. The only issue is whether the psychiatrist defendants knew of and disregarded DePaola's serious mental health need. There is no evidence that either

Dr. McDuffie or Dr. Ahsan ever saw Dr. White's 2003 report, so it is not relevant to that question.

A progress note from Powhatan Correctional Center dated March 10, 2004, reflects DePaola's prior diagnosis of ADHD and prescription of medications for mental health issues. On an initial classification form dated February 29, 2004, under "Recommended Program Needs," a box is checked for "mental health." Pl.'s Supp. Evid. Ex. C, ECF No. 176-2. These pieces of evidence are likewise irrelevant because there is no evidence that Drs. McDuffie or Ahsan ever saw them, and again, the magistrate judge found that DePaola had met his burden of establishing, for purposes of summary judgment, that he has an objectively serious mental health need.

A Red Onion complaint and treatment form with an entry dated June 17, 2010 includes a note that appears to state, "*Referral to psychiatrist for eval." *Id*. at Ex. D, ECF No. 176-3. DePaola makes much of this note, but it is irrelevant because there is no evidence that DePaola was ever actually referred to a psychiatrist, that either of the doctors ever saw this note, or that DePaola was ever mentioned to either of the doctors before they became parties to this litigation. A note indicating that DePaola might be or should be referred to a psychiatrist for an evaluation has no bearing on whether the psychiatrists subjectively knew about and consciously disregarded DePaola's serious mental health need.

DePaola also submitted his responses to interrogatories. Relevant to the instant motions, DePaola declared that he verbally requested assistance from Dr. McDuffie at least 10 times between 2012 and the filing of this suit in July 2015. He told Dr. McDuffie he needed mental health treatment, was under extreme mental distress, and that he had a history of previously diagnosed mental health issues, and he asked Dr. McDuffie to help him immediately. Dr. McDuffie either ignored these requests or stated that he does not do rounds. DePaola also declared that he sent multiple Offender Request Forms directly to Dr. McDuffie asking him for treatment.

While this evidence is relevant, it is not material to the key question of whether Dr. McDuffie actually knew of and consciously disregarded DePaola's serious mental health needs. As the magistrate judge correctly reasoned, a prison psychiatrist cannot be constitutionally required to respond to every inmate who calls out to him in a noisy cell block. Even viewing the evidence in the light most favorable to the plaintiff, DePaola's requests for help and statements that he was in mental distress do not necessarily demonstrate to a psychiatrist that those statements are true. The undisputed evidence is that neither Dr. McDuffie nor Dr. Ahsan ever witnessed any signs of mental distress that would have subjectively informed them that DePaola needed help. Moreover, there is no evidence that Dr. McDuffie ever received the written forms DePaola claims to have sent to him.

The magistrate judge also found that the expert reports of Terry A. Kupers, M.D., and Sally Ann Cunningham Johnson, M.D., were irrelevant because these evaluations of the plaintiff's mental health status and needs did not shed any light on the question of what Drs. McDuffie and Ahsan knew about DePaola's serious mental health needs. I agree. Dr. Kupers suggests that anyone who met with DePaola would know in a matter of minutes that he was mentally ill, but there is no evidence that either Dr. McDuffie or Dr. Ahsan ever met with DePaola. At most, the evidence shows that DePaola yelled out to Dr. McDuffie that he was mentally ill and Dr. McDuffie shouted back that he did not perform rounds. The record does not show that such an interaction would have given Dr. McDuffie actual knowledge of DePaola's mental health condition and need for treatment.

In short, the plaintiff's supplemental evidence stricken by the magistrate judge does not provide any reason for rejecting the Report. The only material question is whether the doctors actually knew of and consciously disregarded DePaola's need for mental health treatment. The additional evidence does not bear upon that question.

### III.

As part of my de novo review, I have considered the full record before the magistrate judge as well as all the evidence pertaining to Drs. McDuffie and Ahsan that the plaintiff submitted in opposition to the Motion for Summary Judgment

filed by all the defendants other than Dr. McDuffie.  As to Dr. Ahsan, there is no evidence that he ever saw or spoke to DePaola at all.  The only evidence the plaintiff has offered is that Dr. Ahsan may have visited Red Onion on several occasions during DePaola's incarceration.  There simply is not enough evidence from which any reasonable factfinder could conclude that Dr. Ahsan actually knew of and consciously disregarded DePaola's serious mental health needs.  DePaola has not met his burden as to Dr. Ahsan.

DePaola argues that the magistrate judge incorrectly suggested that a doctor-patient relationship is required in order to show deliberate indifference.  According to the plaintiff, even if a doctor-patient relationship were required, such a relationship necessarily exists in the prison context, where an inmate cannot seek treatment from anyone other than the prison healthcare team.  The plaintiff also argues that the magistrate judge should not have considered the prison's need to allocate scarce resources, as that is an impermissible non-medical reason for denying treatment.

Dr. McDuffie responds that he is not, and cannot reasonably be expected to be, aware of the mental health history or current mental health status of hundreds of inmates, especially those who have not received any psychiatric care.  Dr. McDuffie is a contract psychiatrist who only works at Red Onion two days per week, at which time he sees inmates who have been referred to him by QMHPs.

Dr. McDuffie argues that because he was not providing care at Red Onion in 2010, when DePaola made suicide threats and embarked on a hunger strike, any evidence that the prison psychiatrist would typically be informed of such events is irrelevant as to him. While there is testimony indicating that Dr. McDuffie on occasion stopped to talk to inmates who called out to him, that does not indicate that he was constitutionally required to engage with every offender who yelled at him through a cell door. Dr. McDuffie posits that if a medical professional were constitutionally required to respond to every yell by an inmate, that would discourage medical professionals from ever entering cell blocks where they would be yelled at by inmates.

Having reviewed all the record evidence and applicable case law, I agree with the magistrate judge's conclusion that DePaola has failed to meet his burden of proving that Dr. McDuffie actually knew of his serious mental health need and consciously disregarded a risk of serious harm. The magistrate judge did not hold that a doctor-patient relationship is a required element of a deliberate indifference claim against a psychiatrist. She simply noted — accurately — that because these defendants had never met with, evaluated, or treated the patient, there was no evidentiary basis for concluding that they were subjectively aware that DePaola had a serious mental health need. While there is some testimony indicating that Dr. McDuffie occasionally stopped to talked to inmates who called out to him, that

does not mean that declining to stop to talk to every shouting inmate in a loud prison block renders him deliberately indifferent to the inmates' serious mental health needs. The fact that Dr. McDuffie *may* talk to inmates without referrals does not mean that he *must* do so in order to comply with the Eighth Amendment.

Having reviewed the record de novo and considered the arguments of the parties, I conclude that DePaola has failed to raise a genuine issue of material fact sufficient to overcome the motions for summary judgment filed by the psychiatrist defendants. I will therefore overrule DePaola's objections and adopt the Report.

IV.

For the foregoing reasons, after de novo review, it is hereby **ORDERED** that the plaintiff's objections, ECF No. 188, are OVERRULED; the magistrate judge's Report, ECF No. 183, is hereby ACCEPTED, and the motions for summary judgment filed by Dr. McDuffie, ECF No. 88, and Dr. Ahsan, ECF No. 113, are GRANTED. The Clerk shall terminate these defendants on the docket.

ENTER: June 14, 2019

/s/ *James P. Jones*
United States District Judge